UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| JOSE L. CASTILLO,<br>Petitioner,<br>vs.<br>WARDEN, FPC YANKTON,<br>Respondent. | 4:26-CV-04108-RAL<br><br>REPORT AND RECOMMENDATION |

**INTRODUCTION**

Jose L. Castillo, a federal prisoner at Yankton Federal Prison Camp ("FPC Yankton"), has filed a *pro se* petition in this court for a writ of habeas corpus under 28 U.S.C. § 2241. Docket No. 1. Mr. Castillo argues that respondent, the Warden at FPC Yankton, unlawfully disallowed him from receiving credits he was entitled to under the First Step Act (FSA).[1] Docket No. 1 at 10. Respondent requests that this court deny Mr. Castillo's petition without holding an evidentiary hearing. Docket Nos. 6, 9. This court notified Mr. Castillo of his right to respond in opposition to the respondent's motion and his deadline for doing so. Docket No. 8. Despite this notice, Mr. Castillo did not respond to respondent's motion and the time for doing so has expired. This matter was referred to this magistrate judge for a recommended disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and DSD LR Civ. 57.11.

[1] First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194.

**FACTS**

The First Step Act ("FSA") created an incentive system whereby prisoners could earn time credits for participating in evidence-based recidivism programs. Wong v. Warden, No. 4:24-CV-04117-CBK, 2024 WL 4027918, at *1 (D.S.D. Sept. 3, 2024).

Mr. Castillo is serving a 48-month sentence. Docket No. 1 at 1. He was sentenced on October 7, 2024. Id. He arrived at his first designated prison on January 10, 2025.[2] Id. at 10. Mr. Castillo asserts as error the fact that the Bureau of Prisons (BOP) did not start crediting him with FSA credits until his arrival at prison. Id. Instead, Mr. Castillo argues the FSA requires that the BOP begin according him FSA credits immediately upon his sentencing because he was at that time remanded to BOP custody. Id. The court finds that Mr. Castillo's petition should be dismissed without holding an evidentiary hearing.

**DISCUSSION**

Mr. Castillo asserts that respondent has failed to credit him with FSA credits to which he is entitled. See Docket No. 1 at 10. But respondent asserts that, even if Mr. Castillo is correct, this court has no jurisdiction to entertain his claim. Docket Nos. 6 & 9. Respondent asserts that Mr. Castillo's claims essentially seek transfer from prison to a residential reentry center (RRC) or

[2] Mr. Castillo writes that he arrived at prison on January 10, 202**4**. Docket No. 1 at 10. The court assumes this to be a typo and that Mr. Castillo actually arrived at prison in January 202**5**.

home confinement. Id. Because this relief is a question of the "place of confinement," respondent asserts this court has no jurisdiction to grant Mr. Castillo's claims for habeas relief. Id. Based on a newly-issued decision from the Eighth Circuit, the court agrees with respondent.

Key to understanding respondent (and the Eighth Circuit's) position is the fact that RRCs and home confinement are still considered to be places of imprisonment--no less than FPC Yankton. 18 U.S.C. § 3624(c)(2); Osorio-Calderon v. Warden, FCI Sandstone, 179 F.4th 1158, 1162-63 (8th Cir. 2026). Thus, when Mr. Castillo seeks application of allegedly improperly-withheld FSA credits, Mr. Castillo is really asking the court to order respondent to release him sooner to an RRC or home confinement. Because RRC and home confinement are also places of imprisonment, Mr. Castillo is in essence asking this court to order his transfer from one place of imprisonment to another. See Barker v. Warden FPC Yankton, 4:25-CV-04053-KES, 2026 WL 353341 at *3 (DSD Feb. 9, 2026) (the court must look to the substance of the relief sought, not the niceties of how the claim is worded).

But Congress has granted authority to determine a prisoner's place of imprisonment only to the BOP and has explicitly denied that power to courts. See 18 U.S.C. § 3621(b). The Eighth Circuit has held that, notwithstanding the mandatory language of the FSA (18 U.S.C. § 3632(d)(4)(C) says earned FSA credits "shall be applied toward time in prerelease custody or supervised release"), the FSA did not abrogate or change the bestowal of power to determine place of imprisonment solely on the BOP. Osorio-Calderon, 179

F.4th at 1163-65. Hence, courts do not have the power to review the BOP's determinations as to place of confinement. Id. at 1165.

Applying the Osorio-Calderon holding to Mr. Castillo's claim, the court can reach no conclusion other than it must be dismissed. The underlying premise of Mr. Castillo's petition is that once he has accumulated sufficient FSA credits to merit placement in an RRC or home confinement, respondent must immediately accomplish that placement. But the Eighth Circuit rejected this argument in Osorio-Calderon. Id. Accordingly, this court recommends Mr. Castillo's claim be dismissed.

The United States Supreme Court has recently granted certiorari on this or a very similar issue involving a decision of the Fifth Circuit. See Maxwell v. Thomas, ___ S Ct. ___, 2026 WL 1513325 (Mem) (S.Ct. June 1, 2026). However, unless and until the Eighth Circuit's opinion in Osorio-Calderon is overruled or called into question, this court must follow the Eighth Circuit's precedent. See M.M. ex rel. v. Special Sch. Dist. No. 1, 512 F.3d 455, 459 (8th Cir. 2008).

## CONCLUSION

Based on the foregoing facts, law and analysis, this magistrate judge respectfully recommends granting respondent’s motion to dismiss and dismissing Jose L. Castillo's habeas petition without holding an evidentiary hearing.

## NOTICE TO PARTIES

The parties have fourteen (14) days after service of this report and recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1),

unless an extension of time for good cause is obtained. Failure to file timely objections will result in the waiver of the right to appeal questions of fact. Objections must be timely and specific in order to require de novo review by the district court. Thompson v. Nix, 897 F.2d 356 (8th Cir. 1990); Nash v. Black, 781 F.2d 665 (8th Cir. 1986).

DATED this 17th day of August, 2026.

BY THE COURT:

Veronica L. Duffy

VERONICA L. DUFFY
United States Magistrate Judge